FILED
NOVEMBER 20, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07 C 6553

JUDGE MANNING
MAGISTRATE JUDGE VALDEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEAN SHUTLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) ) |
| LAKE FOREST COUNTRY DAY SCHOOL, an Illinois not for profit corporation, | ) Jury Trial Demanded ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, JEAN SHUTLER, by and through her attorney, Edward R. Theobald, for her complaint against defendant, LAKE FOREST COUNTRY DAY SCHOOL, states:

### AGE DISCRIMINATION – ADEA

1. This action is brought pursuant to the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. Sec. 621 *et seq.* as amended. This Court has jurisdiction of this complaint under 29 U.S.C. Sec. 626(c), Title VII, Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5 *et seq.* as amended, 28 U.S.C. Sections 1331 and 1343. Venue for the acts alleged below is proper in this District.

2. Plaintiff, JEAN SHUTLER, is 63 years old and resides at 117 Stables Court, Highwood, Lake County, Illinois.

3. Defendant, LAKE FOREST COUNTRY DAY SCHOOL, is an Illinois not for profit corporation, licensed to do business in the State of Illinois, and located at 145 South Green Bay Road, Lake Forest, Lake County, Illinois.

4. At all relevant times, defendant, LAKE FOREST COUNTRY DAY SCHOOL, employs in excess of 20 employees and is an employer defined by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

5. Plaintiff, JEAN SHUTLER, was employed by defendant as a teacher for the past fourteen (14) years where her job performance was excellent and she always met defendant's legitimate job expectations.

6. At all relevant times, plaintiff, JEAN SHUTLER, was an employee of defendant as defined by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

7. During the fourteen (14) years when plaintiff, JEAN SHUTLER, was employed by defendant as a teacher, she received numerous commendations and accolades from parents, students and school administrators for her outstanding achievements at the LAKE FOREST COUNTRY DAY SCHOOL.

8. The "Head of School" position is the chief administrative position at the LAKE FOREST COUNTRY DAY SCHOOL.

9. Michael Robinson was hired by defendant as the Head of School for the 2005-2006 school year and has remained in that position to the present.

10.     Michael Robinson, as Head of School, was an employee and agent for defendant, LAKE FOREST COUNTRY DAY SCHOOL.

11.     During the 2007 school year, Michael Robinson, Head of School for defendant, complimented plaintiff: on making "numerous contributions" to the Early Childhood Center of the LAKE FOREST COUNTRY DAY SCHOOL, on being "very dedicated," and further stated to plaintiff that he and the LAKE FOREST COUNTRY DAY SCHOOL "respect and value the enormous contributions you [plaintiff] have made to the school."

12.     On or about March 12, 2007, defendant, LAKE FOREST COUNTRY DAY SCHOOL, through its employee, agent and "Head of School" Michael Robinson, intentionally discriminated against plaintiff because of her age and told plaintiff that she would be terminated at the end of the current school year, on or about June 8, 2007.

13.     On or about March 12, 2007, defendant, LAKE FOREST COUNTRY DAY SCHOOL, through its employee, agent and "Head of School" Michael Robinson, intentionally terminated the employment of another teacher, to be effective at the end of the current school year, and this teacher, like plaintiff, taught at the school for many years, is over 60 years old and received compliments from Michael Robinson, "Head of School," for her "numerous contributions" to the school.

14.     During 2007, defendant, through its employee, agent and "Head of School," Michael Robinson terminated two teachers: plaintiff age 63 and the teacher in the paragraph above, who like plaintiff, is over 60 years old.

15. After March 12, 2007, defendant, LAKE FOREST COUNTRY DAY SCHOOL and Michael Robinson, Head of School, began interviewing applicants for teaching positions, who are significantly younger than plaintiff, to replace plaintiff and the teacher in paragraph 13 above.

16. On or about June 8, 2007, defendant, LAKE FOREST COUNTRY DAY SCHOOL and Michael Robinson terminated plaintiff, JEAN SHUTLER's employment.

17. Defendant, LAKE FOREST COUNTRY DAY SCHOOL and Michael Robinson intentionally replaced plaintiff with an individual who is 36 years old and has substantially less qualifications and experience than plaintiff.

18. From March through June of 2007, defendant knowingly did not terminate the employment of similarly situated younger employees than plaintiff, whose work performance was equal or inferior to plaintiff's work performance.

19. On or about June 8, 2007, defendant, LAKE FOREST COUNTRY DAY SCHOOL and Michael Robinson intentionally terminated the other teacher, like plaintiff, who is over 60 years old, and replaced her with a substantially younger individual with less experience and qualifications – Michael Robinson's wife.

20. Plaintiff's age was a motivating factor in defendant's decision to terminate plaintiff's employment, on or about March 12, 2007 and June 8, 2007, all in violation of the Age Discrimination in Employment Act.

21. As a result of defendant's intentional discriminatory conduct above, plaintiff lost her job, suffered lost wages, lost income, lost health insurance benefits, lost retirement benefits and her ability to pursue her career at LAKE FOREST COUNTRY DAY SCHOOL free from discrimination based upon her age.

22. All acts occurred in the Northern District of Illinois, Eastern Division.

23. Plaintiff demands trial by jury on all issues.

24. On June 21, 2007, plaintiff filed a verified charge of age discrimination against defendant with the Equal Employment Opportunity Commission (EEOC) in Chicago, Illinois.

25. Plaintiff's verified charge of age discrimination was filed at the Illinois Department of Human Rights (IDHR) on June 21, 2007 pursuant to the work sharing agreement between the EEOC and the IDHR, and the IDHR deferred processing of plaintiff's charge to the EEOC.

26. Plaintiff filed this action more than 60 days after she filed the above charge of age discrimination in accord with the ADEA, 29 U.S.C. Sec. 621 *et seq*.

27. Plaintiff has exhausted all administrative remedies and complied with the statutory prerequisites for maintaining this action under the ADEA, 29 U.S.C. § 621 *et seq*.

28. All of the defendant's discriminatory acts above are in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 *et seq*.

WHEREFORE, Plaintiff, JEAN SHUTLER, prays this Honorable Court to:

A.  Enter judgment in favor of plaintiff and against defendant, LAKE FOREST COUNTRY DAY SCHOOL, an Illinois not for profit corporation;

B.  Award plaintiff actual damages in the form of lost wages, lost income, lost compensation and lost benefits and actual damages which plaintiff has suffered;

C.  Enter an order against defendant to cease its unlawful practices;

D.  Enter an order requiring defendant to reinstate or restore plaintiff in her former teacher's position and to award plaintiff all salary and benefits that plaintiff would have received if not for the civil rights violations committed by defendant;

E.  Award plaintiff prejudgment interest on all lost wages, income and all other monies which are awarded to plaintiff;

F.  Enter an order that plaintiff be awarded future damages and, or front damages for lost wages, front pay and all employee benefits she would have received during the next seven years but for defendant's unlawful conduct;

G.  Enter an order awarding plaintiff attorney's fees and costs incurred;

H.  Enter an order that defendant be required to make plaintiff whole as to all wages, income, health insurance and other employee benefits plaintiff would have received but for the above civil rights violations committed against her by defendant;

I.  Enter a declaratory judgment that defendant's actions constitute unlawful discrimination in violation of the ADEA, 29 U.S.C. Sec. 621 *et seq.*;

J.  Enter an order awarding plaintiff an amount equal to twice the sum of the monetary damages awarded to plaintiff for defendant's intentional violations of the ADEA or for defendant's reckless disregard for plaintiff's rights under the ADEA pursuant to 29 U.S.C. Sec. 621, *et seq.*, including 29 U.S.C. Sec. 626(b);

K.  Enter an order requiring defendant to remove all allegations that plaintiff was terminated from all defendant's records, including from plaintiff's personnel file;

L.  Enter an order for other relief which this Court deems equitable, proper and just or to make plaintiff whole in accord with ADEA.

Dated: November 20, 2007

                              JEAN SHUTLER, plaintiff


                              By: S/Edward R. Theobald
                                  Edward R. Theobald, plaintiff's attorney

Edward R. Theobald (2814595)
Law Offices of Edward R. Theobald
Three First National Plaza,
70 West Madison Street
Suite 2030
Chicago, IL  60602
(312) 346-9246