154/07-2426.K

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEAN SHUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO: 07 C 6553 |
| | ) | |
| LAKE FOREST COUNTRY DAY | ) | Judge Manning |
| SCHOOL, an Illinois not for profit corp., | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

**ANSWER OF DEFENDANT LAKE FOREST
COUNTRY DAY SCHOOL TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, LAKE FOREST COUNTRY DAY SCHOOL, an Illinois not for profit corporation, by and through one of its attorneys, WILLIAM C. BARASHA, JUDGE, JAMES & KUJAWA, LLC, and, for its Answer to the Complaint of Plaintiff JEAN SHUTLER, states as follows:

**AGE DISCRIMINATION - ADEA**

1.  This action is brought pursuant to the Age Discrimination in Employment Act (hereinafter "ADEA"),. 29 U.S.C. Sec. 621 *et seq.* as amended. This Court has jurisdiction of this complaint under 29 U.S.C. Sec. 626(c), Title VII, Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5 *et seq.* as amended, 28 U.S.C. Sections 1331 and 1343. Venue for the acts alleged below is proper in this District.

        **ANSWER:**    It admits that this action purports to be brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*,

        that this Court has jurisdiction of the subject Complaint pursuant to 28 U.S.C. § 1331, and that venue is proper in this District pursuant to 28 U.S.C. § 1391(b).  Further answering, it denies all remaining allegations contained in Count I, including all conclusory allegations regarding any appropriate jurisdictional predicate.

2.      Plaintiff, JEAN SHUTLER, is 63 years old and resides at 117 Stables Court, Highwood, Lake County, Illinois.

    **ANSWER**:    Upon information and belief, admitted.

3.      Defendant, LAKE FOREST COUNTRY DAY SCHOOL, is an Illinois not for profit corporation, licensed to do business in the State of Illinois, and located at 145 South Green Bay Road, Lake Forest, Lake County, Illinois.

    **ANSWER:**    Admitted.

4.      At all relevant times, defendant, LAKE FOREST COUNTRY DAY SCHOOL, employs in excess of 20 employees and is an employer defined by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

    **ANSWER:**    Admitted.

5.      Plaintiff, JEAN SHUTLER, was employed by defendant as a teacher for the past fourteen (14) years where her job performance was excellent and she always met defendant's legitimate job expectations.

    **ANSWER:**    It admits only that Plaintiff, JEAN SHUTLER, was employed by the Defendant as a teacher for approximately fourteen (14) years.  Further answering, it denies all remaining allegations contained in paragraph 5,

including every conclusion of fact alleged therein.

6. At all relevant times, plaintiff, JEAN SHUTLER, was an employee of defendant as defined by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

**ANSWER:** Admitted.

7. During the fourteen (14) years when plaintiff, JEAN SHUTLER, was employed by defendant as a teacher, she received numerous commendations and accolades from parents, students and school administrators for her outstanding achievements at the LAKE FOREST COUNTRY DAY SCHOOL.

**ANSWER:** Upon information and belief, it admits only that, at various times during her fourteen (14) years of employment, Plaintiff had received favorable statements from certain parents regarding Plaintiff's teaching performance. Further answering, it denies all remaining vague and conclusory allegations relating to claimed "commendations", "accolades", and the like.

8. The "Head of School" position is the chief administrative position at the LAKE FOREST COUNTRY DAY SCHOOL.

**ANSWER:** Admitted.

9. Michael Robinson was hired by defendant as the Head of School for the 2005-2006 school year and has remained in that position to the present.

**ANSWER:** Admitted.

10. Michael Robinson, as Head of School, was an employee and agent for defendant,

LAKE FOREST COUNTRY DAY SCHOOL.

**ANSWER:** Admitted.

11. During the 2007 school year, Michael Robinson, Head of School for defendant, complimented plaintiff: on making "numerous contributions" to the Early Childhood Center of the LAKE FOREST COUNTRY DAY SCHOOL, on being "very dedicated," and further stated to plaintiff that he and the LAKE FOREST COUNTRY DAY SCHOOL "respect and value the enormous contributions you [plaintiff] have made to the school."

**ANSWER:** Upon information and belief, admitted.

12. On or about March 12, 2007, defendant, LAKE FOREST COUNTRY DAY SCHOOL, through its employee, agent and "Head of School" Michael Robinson, intentionally discriminated against plaintiff because of her age and told plaintiff that she would be terminated at the end of the current school year, on or about June 8, 2007.

**ANSWER:** It admits only that, on or about March 12, 2007, Michael Robinson notified Plaintiff JEAN SHUTLER that her contract would not be renewed for the next school year. Further answering, it denies each and every remaining allegation contained in paragraph 12, including, but not limited to, every conclusion of fact and law alleged therein.

13. On or about March 12, 2007, defendant, LAKE FOREST COUNTRY DAY SCHOOL, through its employee, agent and "Head of School" Michael Robinson, intentionally terminated the employment of another teacher, to be effective at the end of the current school year, and this teacher, like plaintiff, taught at the school for many years, is over 60 years old and received compliments from Michael Robinson, "Head of School," for her "numerous

J:\Main24\2426\Pleadings\Ans.Comp/jvk        4

contributions" to the school.

> **ANSWER:** It admits only that, on or about March 12, 2007, Michael Robinson notified another teacher who was over sixty (60) years old that her contract would not be renewed at the end of the current school year. Further answering, it denies each and every remaining allegation contained in paragraph 13, including every conclusion of fact and law alleged therein. Further answering, pursuant to Federal Rule of Civil Procedure 12(f), it move to strike the purely conclusory immaterial, impertinent and scandalous matters alleged in paragraph 13.

14.  During 2007, defendant, through its employee, agent and "Head of School," Michael Robinson terminated two teachers: plaintiff age 63 and the teacher in the paragraph above, who like plaintiff, is over 60 years old.

> **ANSWER:** It admits only that, in March, 2007, Michael Robinson gave notice to two teachers who were over sixty (60) years old, including plaintiff, age 63, that their contracts would not be renewed for the next school year. Further answering, pursuant to Federal Rule of Civil Procedure 12(f), it moves to strike the immaterial, impertinent and scandalous matters alleged in paragraph 14.

15.  After March 12, 2007, defendant, LAKE FOREST COUNTRY DAY SCHOOL and Michael Robinson, Head of School, began interviewing applicants for teaching positions, who are significantly younger than plaintiff, to replace plaintiff and the teacher in paragraph 13 above.

> **ANSWER:** It admits that it began interviewing that it began interviewing applicants for teaching positions after March 12, 2007. Further answering, it denies all remaining allegations contained in paragraph 15, including every vague and conclusory allegation concerning applicants who were "significantly younger" than Plaintiff. Further answering, pursuant to Federal Rule of Civil Procedure 12(f), it moves to strike the immaterial, impertinent and scandalous allegations concerning "the teacher in paragraph 13 above".

16. On or about June 8, 2007, defendant, LAKE FOREST COUNTRY DAY SCHOOL and Michael Robinson terminated plaintiff, JEAN SHUTLER's employment.

    **ANSWER:** It admits that it terminated Plaintiff's employment, by the non-renewal of her teaching contract.

17. Defendant, LAKE FOREST COUNTRY DAY SCHOOL and Michael Robinson intentionally replaced plaintiff with an individual who is 36 years old and has substantially less qualifications and experience than plaintiff.

    **ANSWER:** It admits only that it replaced plaintiff with an individual who is 36 years old. Further answering, it denies each and every remaining allegation contained in paragraph 17, including every conclusion of fact alleged therein.

18. From March through June of 2007, defendant knowingly did not terminate the employment of similarly situated younger employees than plaintiff, whose work performance was equal or inferior to plaintiff's work performance.

    **ANSWER:** It denies each and every allegation contained in paragraph 18, including every conclusion of fact alleged therein.

19. On or about June 8, 2007, defendant, LAKE FOREST COUNTRY DAY SCHOOL and Michael Robinson intentionally terminated the other teacher, like plaintiff, who is over 60 years old, and replaced her with a substantially younger individual with less experience and qualifications – Michael Robinson's wife.

    **ANSWER:** It admits only that the "other teacher" referred to in paragraph 19, who was over 60 years old, was replaced with a younger teacher, who is Michael

> Robinson's wife. Further answering, it denies each and every remaining allegation contained in paragraph 19, including every conclusion of fact alleged therein. Further answering, pursuant to Federal Rule of Civil Procedure 12(f), it moves to strike the purely conclusory, immaterial, impertinent and scandalous allegations contained in paragraph 19.

20. Plaintiff's age was a motivating factor in defendant's decision to terminate plaintiff's employment, on or about March 12, 2007 and June 8, 2007, all in violation of the Age Discrimination in Employment Act.

**ANSWER:** It denies every allegation contained in paragraph 20, including every conclusion of fact and law alleged therein.

21. As a result of defendant's intentional discriminatory conduct above, plaintiff lost her job, suffered lost wages, lost income, lost health insurance benefits, lost retirement benefits and her ability to pursue her career at LAKE FOREST COUNTRY DAY SCHOOL free from discrimination based upon her age.

**ANSWER:** Inasmuch as it denies any and all allegations of "intentional discriminatory conduct", it denies every allegation contained in paragraph 21.

22. All acts occurred in the Northern District of Illinois, Eastern Division.

**ANSWER:** Inasmuch as it denies all allegations of any claimed wrongful, unlawful acts, it denies the allegations contained in paragraph 22.

23. Plaintiff demands trial by jury on all issues.

**ANSWER:** Admitted.

24. On June 21, 2007, plaintiff filed a verified charge of age discrimination against defendant with the Equal Employment Opportunity Commission (EEOC) in Chicago, Illinois.

**ANSWER:**   Admitted.

25.   Plaintiffs verified charge of age discrimination was filed at the Illinois Department of Human Rights (IDHR) on June 21, 2007 pursuant to the work sharing agreement between the EEOC and the IDHR, and the IDHR deferred processing of plaintiffs charge to the EEOC.

**ANSWER:**   It admits only that, in her verified charge of discrimination filed in the Equal Employment Opportunity Commission, Plaintiff requested that her charge be cross-filed in the Illinois Department of Human Rights, pursuant to the Work-Sharing Agreement between the EEOC and the IDHR. Further answering, it lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 25.

26.   Plaintiff filed this action more than 60 days after she filed the above charge of age discrimination in accord with the ADEA, 29 U.S.C. Sec. 621 *et seq.*

**ANSWER:**   It admits that Plaintiff filed this action more than sixty (60) days after she filed her charge of age discrimination, in accordance with 29 USC § 626(d).

27.   Plaintiff has exhausted all administrative remedies and complied with the statutory prerequisites for maintaining this action under the ADEA, 29 U.S.C. § 621 *et seq.*

**ANSWER:**   It admits only that Plaintiff has met the statutory prerequisite for maintaining this action under the ADEA, 29 U.S.C. § 621, *et seq.* Further answering, it denies that Plaintiff has exhausted all administrative remedies provided to her under the aforesaid federal statutes, under 42 U.S.C. § 2000e, and under all applicable provisions of State law.

28.   All of the defendant's discriminatory acts above are in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 *et seq.*

**ANSWER:**   It denies every allegation contained in paragraph 28, including every

conclusion of fact and law alleged therein.

WHEREFORE, Defendant, LAKE FOREST COUNTRY DAY SCHOOL, an Illinois not for profit corporation, respectfully prays that this Honorable Court enter judgment in its favor and against Plaintiff, JEAN SHUTLER, inasmuch as said Plaintiff is entitled to no recovery against this Defendant.

Respectfully Submitted,

s/ William C. Barasha
JUDGE, JAMES & KUJAWA, LLC
WILLIAM C. BARASHA, Atty No. 312 3158
One of the Attorneys for Defendant
LAKE FOREST COUNTRY DAY SCHOOL

## CERTIFICATE OF SERVICE OF DOCUMENTS BY ELECTRONIC MEANS

The undersigned, an attorney, hereby certifies he caused a copy of the foregoing Defendant Lake Forest Country Day School's Answer to Plaintiff's Complaint. to be served via electronic filing upon:

> Edward R. Theobald
> Law Offices of Edward R. Theobald
> Three First National Plaza
> 70 West Madison St., Ste. 2030
> Chicago, Illinois   60602

on January 7, 2008

> s/ William C. Barasha_____
> JUDGE, JAMES & KUJAWA, LLC
> WILLIAM C. BARASHA, Atty No. 312 3158
> One of the Attorneys for Defendant
>  LAKE FOREST COUNTRY DAY SCHOOL

JUDGE, JAMES & KUJAWA, LLC
422 N. Northwest Highway, Suite 200
Park Ridge, Illinois 60068
847/292-1200
847/292-1208 (fax)

J:\Main24\2426\Pleadings\Ans.Comp/jvk          10