IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEAN SHUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  07 C 6553 |
| | ) |
| LAKE FOREST COUNTRY DAY | ) Honorable Maria Valdez |
| SCHOOL, an Illinois not for profit | ) Judge Presiding |
| corporation, | ) |
| | ) |
| Defendant. | ) |

## PROTECTIVE ORDER

The Court having found good cause for a protective order pursuant to Fed.R.Civ.P 26 (c), it is ordered that:

1. This order protects all confidential material, as defined herein, contained in documents and records, including all copies, excerpts or notes thereof, which may be produced pursuant to any pending or future discovery requests.

2. "Confidential material" shall include: (i) the personnel files or personnel documents of current or former employees of defendant, (with the exception of plaintiff's records), and (ii) any financial or tax information of defendant's current or former employees, including the plaintiff.

3. The confidential material described above, and the information contained therein, shall not be disclosed in any manner except to: (i) the court, (ii) the parties (iii) the attorneys of record in this action and their staff members; (iv) persons employed by attorneys of record in this

1

litigation for the purpose of assisting in the preparation of this litigation for trial, such as any experts, (v) stenographers or court reporters in connection with the recording of sworn deposition and/or trial testimony; (vi) any deponent or person who has been noticed for a deposition in this case; and (vii) any other person agreed to by the parties in writing or (viii) persons authorized by the court upon application of either party.

4. Before disclosing Confidential Material to any person in paragraph 3 (iv), 3 (vi), 3 (vii) and 3 (viii), counsel for the party tendering such material shall first receive from the intended recipient(s) a written and signed declaration that he or she received a copy of this Order and agrees to abide by its terms. A copy of the declaration shall be served upon opposing counsel at least seven (7) days before disclosure or delivery of confidential material to the intended recipient(s). Deponents may be shown Confidential Material if they acknowledge under oath on the record during a deposition that they have read this Protective Order and agree to abide by its terms. Counsel need not obtain a written acknowledgment from a deponent or serve any notice upon opposing counsel 7 days before disclosure or delivery of Confidential Material to a deponent during a deposition.

5. In the event that anyone wishes to prohibit access of confidential material to an intended recipient as set out in paragraph 4 above, that party shall serve opposing counsel with a motion to prohibit access to the specific information or documents identified, within seven (7) days of receiving notice of the intended production. Opposing counsel shall not disclose any of the subject confidential materials to the intended recipient until the court rules on the motion.

6. Nothing in this Order prevents or precludes either party from attempting to introduce any confidential material into evidence at trial. The attorneys of record and their employees or agents are entitled to make copies of Confidential Material.

7. The Confidential material disclosed by any party will be used solely for this lawsuit, and will not be used for any other purpose including, but not limited to any commercial or personal use. The parties shall hold the Confidential Material and the information obtained from such Confidential Material in the strictest confidence.

8. Confidential Material or information which is derived from Confidential Material may be used for any and all aspects of this litigation, including but not limited to use in motions, depositions, pre-trial discovery, at trial, exhibits in motions, deposition or trial exhibits, or in any other pleading or document filed with the Clerk of the Court. Nothing in the order shall be construed to affect the admissibility of any document, material or information at any trial or hearing; any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

9. If any confidential materials or any papers which attach documents containing such confidential material or include or contain information subject to this Order are filed in this case, whether with the clerk of the court or in chambers, as part of a motion, brief or other pleading, all confidential material shall be removed prior to the filing of such papers. No party may file Confidential material under seal without prior order of court specifying the particular document or portion of a document that may be filed as restricted. However, if any identified confidential material is necessary or relevant for the court's determination, thereby requiring disclosure to the court, then the documents shall be filed with the clerk of the court in sealed

envelopes. The sealed envelope shall be accompanied by a cover sheet which shall include the following:

a.    the caption of the case, including the case number;

b.    the title Restricted Document Pursuant to LR26.2;

c.    a statement indicating the document is filed as restricted in accordance with a court order.

The clerk of the court is hereby directed to hold in a sealed envelope marked Restricted Document pursuant to LR 26.2 so as to safeguard their confidential nature, the sealed documents and any transcripts or other related documents, filed in this case, and make those materials available only as authorized by the court.

10.    This lawsuit is a claim under the Age Discrimination In Employment Act, 29 U.S.C. Sec. 621 *et seq.* as amended, brought by plaintiff, a teacher formerly employed by defendant, a private elementary school. The "confidential material" in paragraph two above specifically pertains to the school's current or former employees' personnel files, and tax and financial records. As such, in this case, the general public lacks common law, statutory and First Amendment rights of access to the personnel files of the school's employees and the tax and financial records of those employees.

11.    The parties to this lawsuit each have the right to challenge the designation of confidential material filed under seal as specifically set forth in paragraph 18 below.

12.    Notwithstanding the above, an interested member of the public may challenge the filing of confidential information under seal, and that in the unlikely event of such a challenge, the party or parties asserting confidentiality have the burden of proving that the material should be filed under seal.

4

13. Upon final termination of the above-entitled action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the confidential material shall continue to be binding upon any attorneys of record, their employees, the parties herein, their officers and employees, witnesses and experts.

14. Within 60 days of the conclusion of this lawsuit, whether by jury verdict, court order, settlement or by any other means, the confidential material produced by any party and all copies of confidential material made by counsel, except those filed with the District Clerk, shall be returned to counsel who produced the material, or shall be destroyed by the recipient of confidential material with a written statement of counsel stating that all Confidential Material received by that party has been destroyed.

15. After the conclusion of this litigation, Confidential Matter not retrieved by counsel from the Clerk shall be unsealed and disposed of pursuant to local rules.

16. Nothing herein shall prohibit an attorney of record from showing a current or former employee of the defendant his or her own personnel records which may contain "confidential material."

17. Insofar as the provisions of this Protective Order restrict the disclosure of information derived from Confidential Materials, such restrictions shall continue to be binding after the conclusion of this litigation.

18. If there is a disagreement among the parties regarding a designation of a document as "confidential" or what persons may review "confidential material," or any other disagreement among the parties regarding the terms or conditions of this order, the parties shall treat such a disagreement as a discovery dispute and follow Rule 37 of the Fed.R.Civ.P. before filing a pleading with the Court. In the event of a challenge by one party to the other party's designation of a document as "confidential," the party asserting confidentiality has the burden of proving that the material should be filed under seal.

S/Edward R. Theobald
EDWARD R. THEOBALD
Attorney for plaintiff
Three First National Plaza
70 W. Madison Street
Suite 2030
Chicago, IL 60602
(312) 346-9246

S/William Barasha
WILLIAM C. BARASHA
Attorneys for defendant
Judge, James & Kujawa, LLC.
422 N. Northwest Highway
Suite 200
Park Ridge, IL 60068
(847) 292-1200

ENTER ORDER:

*/s/ Maria Valdez/*

Judge Maria Valdez

AUG 0 7 2008